IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** § | § | **Chapter 11** |
| **MONTCO OFFSHORE INC.,** *et al.*[1] § | § | **Case No. 17-31646 (MI)** |
| Debtors. § | § | **(Jointly Administered)** |
| **DREW MCMANIGLE, AS LIQUIDATING TRUSTEE OF THE LIQUIDATING TRUST FOR MONTCO OILFIELD CONTRACTORS, LLC,** § § § § | § § § § § | **Adversary Proceeding** |
| Plaintiff, § | § | |
| v. § | § | **Adv. No 19-03337 (MI)** |
| **C&G WELDING, INC.,** § | § | |
| Defendant. § | § | |

**LIQUIDATING TRUSTEE'S OBJECTION TO C&G WELDING'S
MOTION FOR LEAVE TO FILE AMENDED ANSWER AND
RESPONSE TO MOTION FOR DEFAULT JUDGMENT**

Drew McManigle, in his capacity as Liquidating Trustee of the Liquidating Trust for Montco Oilfield Contractors, LLC (the "Liquidating Trustee"), by his undersigned attorneys, files this objection and in support thereof alleges as follows:

**SUMMARY**

1.      The Liquidating Trustee objects to C&G Welding Inc.'s (the "Defendant") *Motion for Leave to File Amended Answer and Response to Motion for Default Judgment* (the "Motion and Response") [Docket No. 13]. The Liquidating Trustee has expended significant time filing a Motion for Default Judgment (as defined below) because of the Defendant's failure to amend its

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are Montco Offshore, Inc. (1448) and Montco Oilfield Contractors, LLC (9886).

1

10348088v1

answer after directed to do so by the Court and the Defendant's failure to appear at two Rule 16 scheduling conferences. Prior to granting the relief requested in the Motion and Response, the Liquidating Trustee requests that the Court enter an order granting: (i) scheduling case deadlines as set forth below; and (ii) an award of attorney's fees in the amount of $10,967.00[2] which the Liquidating Trustee expended drafting and prosecuting his Motion for Default Judgment.

## PROCEDURAL BACKGROUND

2. On March 12, 2019, the Liquidating Trustee filed his *Complaint*, which alleged that the Defendant received a total of $458,740.53 in Preferential Transfers from the Debtors in January 2017 [Docket No. 1]. The Complaint sought to avoid and recover these Preferential Transfers under Sections 547 and 550 of the Bankruptcy Code.

3. On March 18, 2019, the Court entered an *Order Setting Rule 7016 Conference, Requiring Rule 7026 Meeting, and Establishing Procedures for Discovery Disputes, and Emphasizing Applicability of Certain Federal Rules of Civil Procedure as Made Applicable by the Federal Rules of Bankruptcy Procedure* (the "Conference Order") [Docket No. 4]. The Court's Conference Order required that:

> Affirmative defenses may not be asserted unless the affirmative defense may be validly asserted after a reasonable inquiry that the affirmative defense meets the requirements of Rule 11 as to supporting facts and law.

4. The Defendant filed an Answer to the Complaint on April 25, 2019,[3] which, among other things, asserted that the Liquidating Trustee's Complaint "fails to state a claim for which relief may be granted." [Docket No. 9].

---

[2] Attached as **Exhibit A** are the time entries supporting the fees incurred by the Liquidating Trustee.

[3] The Defendant's Answer was initially filed in the Debtors' jointly administered bankruptcy case [Case No. 17-31646; Docket No. 1031]. The Court later directed the clerk to file a copy of the Answer in this adversary proceeding on September 16, 2019 [Docket No. 9].

10348088v1

5. The Court held a status conference on September 16, 2019 (the "September Status Conference"), in which the Defendant failed to appear [Docket No. 10]. The Court held that the Defendant's Answer failed to adhere to the standards established in the Conference Order. The Court granted the Defendant leave to "amend responses no later than September 30, 2019." *See id*.

6. The Defendant failed to file an amended Answer. The Court held a second status conference on October 15, 2019 (the "October Status Conference"). The Defendant again failed to appear at the October Status Conference. [*See* Courtroom Minutes October 15, 2019]. At the conclusion of the October Status Conference, the Court set October 31, 2019, as the deadline for the Liquidating Trustee to file a motion for default judgment. [*See* Courtroom Minutes October 15, 2019].

7. The Liquidating Trustee filed his *Motion for Default Judgment* [Docket No. 13] (the "Motion for Default Judgment") on October 30, 2019. Subsequently, Defendant's counsel contacted the Liquidating Trustee's counsel, asserting that the failure to file an amended answer was the result of mistake. The Defendant's counsel further represented (as it did in the Motion and Response) that the Defendant was willing to pay the Liquidating Trustee's reasonable attorney's fees for time and expense incurred while prosecuting the Motion for Default Judgment. The Liquidating Trustee incurred further expense drafting a proposed Stipulation and Agreed Order (the "Stipulation") memorializing those terms. However, despite multiple attempts to confer, the Defendant failed to even acknowledge the Stipulation.

**ENTRY OF SCHEDULING ORDER**

8. The Defendant's failure to timely respond and amend its answer to the Liquidating Trustee's Complaint has prejudiced the Liquidating Trustee through time lost prosecuting his Complaint. Accordingly, the Liquidating Trustee requests entry of a scheduling order

3

10348088v1

incorporating the deadlines set forth below to mitigate the time lost because of the Defendant's failure to amend his answer. The proposed scheduling order is similar to orders entered by this Court in other Montco preference lawsuits.

9. To avoid further prejudice and to account for time lost due to the Defendant's untimely answer, the Liquidating Trustee requests that the Court enter a scheduling order set forth below, in accordance with Rule 7026 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), prior to granting the Defendant leave to amend its answer.

   i. The parties shall join additional parties and amend pleadings by December 16, 2019.

   ii. The party bearing the burden of proof regarding an issue shall submit its expert report by January 10, 2020.

   iii. The parties shall submit any rebuttal expert reports by February 28, 2020.

   iv. The parties shall complete discovery by March 30, 2020.

   v. All dispositive motions shall be filed not later than May 4, 2020.

   vi. The parties shall conduct a face to face meeting prior to June 29, 2020.

   vii. The Court will issue a pretrial order July 13, 2020.

   viii. The Court shall conduct a pretrial conference on August 3, 2020.

### REQUEST FOR ATTORNEY'S FEES

10. The Liquidating Trustee also requests an award of attorney's fees and costs to cure the prejudice incurred in preparation of the Motion for Default Judgment.

11. Courts have required that parties pay attorney's fees and costs incurred in prosecuting a default judgment prior to setting aside a default judgment. *See C&G Land v. Farmland Mgmt. Serv.*, No. 5:12-CV-134-C, 2012 WL 12863112, at *3 (N.D. Tex. Oct. 12, 2012); *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2014). In addition, the Defendant indicated in the Motion and Response that it was "willing[]

to pay the reasonable attorney's [fees] for Plaintiff in exchange for a withdrawal of the motion for default judgment."

12. Although a default judgment has yet to be entered in this case, the Liquidating Trustee incurred expenses while drafting the Motion for Default Judgment, the proposed Stipulation, and this objection. These expenses have prejudiced the Liquidating Trustee and are solely attributable to the Defendant's failure to timely file an amended answer. Accordingly, before granting leave to amend, the Court should award the Liquidating Trustee his reasonable attorney's fees related to the drafting and prosecution of the Motion for Default Judgment, the proposed Stipulation, and this objection.

## PRAYER FOR RELIEF

**WHEREFORE**, the Liquidating Trustee respectfully requests that this Court enter the attached order granting the following relief:

  i. A scheduling order as set forth above.

  ii. A judgment of $10,967.00 for the Liquidating Trustee's reasonable attorney's fees and costs incurred in drafting and prosecuting the Motion for Default Judgment and the Stipulation, prior to any amendment of the Defendant's answer.

Dated: November 25, 2019

          Respectfully submitted,

          **Porter Hedges LLP**
          */s/ Joshua W. Wolfshohl*
          Joshua W. Wolfshohl
          State Bar No. 24038592
          M. Shane Johnson
          State Bar No. 24083263
          Porter Hedges LLP
          1000 Main Street, 36th Floor
          Houston, Texas 77002-2764
          Telephone: (713) 226-6000
          Facsimile: (713) 226-6295

          **COUNSEL FOR DREW MCMANIGLE, LIQUIDATING TRUSTEE FOR THE MONTCO OILFIELD CONTRACTORS, LLC LIQUIDATING TRUST**

**CERTIFICATE OF SERVICE**

   I hereby certify that on November 25, 2019, I caused to be served a true and correct copy of the foregoing document, with all attachments, via electronic transmission to all registered ECF users appearing in this adversary proceeding and upon the following party via first class U.S. mail.

C & G Welding, Inc.
c/o Curtis J. Calais, Jr.
5551 Hwy 311
Houma, LA 70360

SCHOUEST BAMDAS SOSHEA &
BENMAIER PLLC
M. Lane Lowrey
1001 McKinney, Suite 1400
Houston, Texas 77002

                */s/ Joshua W. Wolfshohl*
                Joshua W. Wolfshohl

10348088v1